UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY LEE KETCHUM, et al.,

    Plaintiffs,

    v().                                                 Case No. 3:21-CV-304-CCB-

CAMPING WORLD LEASING
COMPANY LLC, et al.,

    Defendants.

## OPINION AND ORDER

On February 29, 2024, Defendants Meyer's RV Centers, LLC d/b/a Camping World RV Sales ("Camping World") and Good Sam Enterprises, LLC ("Good Sam") filed their Motion for Summary Judgment. Under N.D. Ind. L.R. 56-1(b), Plaintiffs Ricky Lee Ketchum and Debra A. Ketchum had 28 days to file any response to the motions for summary judgment but did not. Plaintiffs filed a motion to extend their summary judgment briefing deadline, which was denied on April 9, 2024, for failure to show good cause for the requested extension. [DE 75]. On April 16, 2024, the parties were ordered to file a status report. [DE 76]. The parties timely filed their Status Report on April 29, 2024. [DE 77]. In that Report, the parties indicated that Plaintiffs intended to file a motion by May 13, 2024, to request an extension of either their deadline to respond to Defendants' motions for summary judgment or to file their own motion for summary judgment. [*Id.* at 2]. As of this date, Plaintiffs have filed nothing leaving Defendants' summary judgment motions ripe for the Court's consideration without any response.

**Summary Judgment Standard**

Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,*

477 U.S. 317, 322 (1986).  A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*  To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor.  *Heft v. Moore,* 351 F.3d 278, 282 (7th Cir. 2003).

Yet to overcome a motion for summary judgment, the nonmoving party cannot rest on the mere allegations or denials contained in its pleadings.  Rather, the nonmoving party must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial.  *Celotex*, 477 U.S. at 322–23; *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000).  When a factual record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.  Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  In other words, "[s]ummary judgment is not a dress rehearsal or practice run; it is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (quotations omitted); *see also Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

By failing to file anything in response to Defendants' Motion for Summary Judgment, Plaintiffs have implicitly relied solely on the allegations in their pleadings without producing any evidence to show the existence of each element of each claim for which they bear the burden.  *See Celotex*, 477 U.S. at 322–23; *Robin*, 200 F.3d at 1088.  On this record alone, Plaintiffs cannot convince a rational trier of fact to accept their version of events, which would justify granting Defendants' motions for summary judgment.  *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *Hammel,*

407 F.3d at 859. However, the evidence designated by Defendants in support of their motions combined with the legal standards governing Plaintiffs' claims in this RV warranty case also establish that Defendants are entitled to judgment as a matter of law.

### Statute of Limitations

The choice-of-law rules for Indiana, as the forum statute, apply to this case to determine which state's substantive law applies. *Jacobs v. Thor Motor Coach, Inc.*, 474 F. Supp. 3d 987, 992 (N.D. Ind. 2020). Consistent with Indiana Code § 26-1-2-725(1) and the parties' agreement reflected in the Purchase Contract between Plaintiffs and Camping World [DE 71-2], the statute of limitations for any claim arising from the Purchase Contract is one year. Plaintiffs' warranty claims against Camping World filed on October 15, 2021—more than one year after the Purchase Contract dated March 25, 2020—are therefore time-barred. Even if the claims were not barred by the statute of limitations, Defendants are still entitled to summary judgment on all claims.

### Disclaimer of Warranties and Incidental & Consequential Damages

"Indiana choice of law doctrine favors contractual stipulations as to governing law." *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1162 (Ind. 2002). The Purchase Contract explicitly states that "any controversy, dispute, or claim arising out of relating to this [Purchase Contract] or breach thereof shall be interpreted under the laws of the state in which Dealer is located . . . ." [DE 71-2 at 2]. The dealer in this case is Camping World located in Syracuse, New York. Accordingly, New York law applies to the issues of whether Camping World conspicuously disclaimed all warranties. New York law allows dealers to disclaim express and implied warranties, including implied warranties of merchantability when the dealer uses the word "merchantability" in the governing written contract, if the disclaimer is conspicuous. *Carbo Indus. Inc. v. Becker Chevrolet Inc.*, 112 A.D.2d 336, 339, 491 N.Y.S.2d 786 (1985). Through the Purchase Contract, Camping World conspicuously disclaimed all warranties, including the warranty of merchantability, with two explicit

3

disclaimers—one in all caps, boldfaced, and underlined in the paragraph just above Plaintiffs' signatures [DE 71-2 at 1] and one more extensive disclaimer listed as additional term #10 set off from the rest of the text by indents on both sides, a box around term #10, and all-cap, boldface type [*Id.* at 2]. Both disclaimers use the word "merchantability." As such, Plaintiffs' claims for breach of implied warranty and violation of the Magnuson Moss Warranty Act ("MMWA") against Camping World are disclaimed and barred.

Similarly, New York law enforces clear, unambiguous contractual limitation of liability provisions disclaiming recovery of incidental and consequential damages. *Joka Indus., Inc. v. Doosan Infracore Am. Corp.*, 153 A.D.3d 506, 508–09, 59 N.Y.S.3d 470 (2017); *see also Noble Thread Corp. v. Vormittag Assocs., Inc.*, 305 A.D.2d 386, 387, 758 N.Y.S.2d 509 (2003). Term #11 in the Purchase Contract clearly and unambiguously disclaims incidental and consequential damages. [DE 71-2 at 2]. Therefore, Plaintiffs' claim for incidental and consequential damages against Camping World is barred.

### Warranty Claims against Good Sam

Regardless of whether Indiana or New York law applies to the breach of implied warranty and MMWA claims against Good Sam, Plaintiffs cannot succeed. Under Indiana Code § 26-1-2-313–315 and New York U.C.C. § 2-313–2-315, implied and express warranties related to goods arise between the seller of the goods and the purchaser. Here, the Purchase Contract for Plaintiffs' purchase of the relevant RV is only between Camping World and Plaintiffs. [DE 71-2]. Good Sam is not a party to the sale. Therefore, no warranties exist to be enforced against Good Sam.

### State Statutory Consumer Protection Claims

Lastly, Plaintiffs' alternate claims against Camping World and Good Sam under the Indiana and New York consumer protection statutes also fail. Applying Indiana choice-of-law rules requires multiple inquiries in tort cases. *Simon v. United States*, 805 N.E.2d 798, 804 (Ind. 2004); citing

4

*Hubbard Mfg. Co. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987).  The court starts by determining "whether the differences between the laws of the states are 'important enough to affect the outcome of the litigation.'" *Id.* at 805 (quoting *Hubbard*, 515 N.E.2d at 1073).  If there is such a conflict, the law of the state where the alleged wrong occurred (i.e., *lex loci delicti*) applies unless the court is persuaded that "the place of the tort bears little connection to this legal action." *Id.* (internal quotations omitted).  When the location of the tort is insignificant in a particular action, the court should consider "1) the place where the conduct causing the injury occurred; 2) the residence or place of business of the parties; and 3) the place where the relationship centered." *Id.* (internal quotations omitted).

      Here, the differences in the elements of reliance, intent, and impact on consumers at large between the Indiana Deceptive Consumer Sales Act ("IDCSA"), Ind. Code § 24-5-0.5-3 *et seq.*, and New York's General Business Law ("GBL") § 349 are substantial and will affect the outcome of the litigation.  The *lex loci delicti*, or "the state where the last event necessary to make Camping World or Good Sam liable for the alleged deceptive acts," is not clear from the operative amended complaint but appears more connected to New York rather than Indiana.  *See Simon*, 805 N.E.2d at 805.  Neither Camping World nor Good Sam has any connection to Indiana.  Plus, Plaintiffs' purchase of the RV, simultaneous purchase of service agreements from Good Sam, and seemingly relevant repairs under the Thor Motor Warranty (to which Camping World and Good Sam are not parties) occurred in New York.  Good Sam's demand that Plaintiffs pay for emergency assistances relates to a flat tire that occurred in Ohio.  Plaintiffs reside in New York.  Camping World operates an RV dealership, service center, and retailer in New York.  And the RV purchase from Camping World, as well as the service agreement purchases from Good Sam, all occurred in New York.  Thus, New York's statutory consumer protection law, GBL § 349, applies.

Under GBL § 349, a plaintiff must prove that the challenged act or practice was consumer-oriented, or had "a broader impact on consumers at large" rather than just injuring the plaintiff alone; was misleading in a material way; and that the plaintiff was injured as the result of the deceptive act. *Williams v. Bayview Loan Servicing, LLC*, 14-CV-7427 (KAM) (LB), 2016 WL 8711209, at *10 (E.D.N.Y. Jan. 22, 2016). The only alleged unfair or deceptive acts Plaintiffs have alleged against Camping World and Good Sam with facts in support demonstrate injuries unique to them, not consumers broadly. Moreover, the record includes nothing to support finding that Plaintiffs were misled in a material way by Camping World or Good Sam through any misrepresentation of the RV they purchased or the status of repairs; any violation of the Truth in Lending Act, the Equal Credit Opportunity Act, or the New York State Motor Vehicle Retail Installment Sales Act; the demand for payment for emergency tire assistance in June 2020; and alleged promises to reimburse Plaintiffs for flat tire repairs. The disclaimers in the Purchase Contract, Camping World's actual communications with Plaintiffs about repairs and reimbursement, the lack of demand for emergency assistance payment from Good Sam, the applicable statute of limitations, and the lack of factual allegations as to the statutory claims all show that Plaintiffs were not misled in a material way. As such, Plaintiffs cannot succeed on their GBL § 349 claims against Camping World and Good Sam.

## Conclusion

While Plaintiffs have not established any genuine issue of material fact, Defendants have marshalled facts and the law to establish that they are entitled to judgment as a matter of law on all of Plaintiffs' claims. *See Celotex*, 477 U.S. at 322. Accordingly, Defendants' Motion for Summary Judgment is **GRANTED** on all claims. [DE 68]. The Clerk is **DIRECTED** to enter judgment in favor of Defendants Camping World and Good Sam on all remaining claims.

SO ORDERED.

May 29, 2024

                                            /s/*Cristal C. Brisco*
                                        CRISTAL C. BRISCO, JUDGE
                                        UNITED STATES DISTRICT COURT