UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICKY LEE KETCHUM, et al.,

      Plaintiffs,

      v.

CAMPING WORLD LEASING
COMPANY LLC, et al.,

      Defendants.

Case No. 3:21-CV-304-CCB

## OPINION AND ORDER

Plaintiffs moved for the Court to vacate its ruling of summary judgment for

Defendants under Rule of Civil Procedure 60(b)(1). (ECF 80). Following this, Plaintiffs

have also filed a motion for a hearing and a motion to supplement the record. (ECF 82,

86). The Court now rules on those motions.

### BACKGROUND

Plaintiffs Ricky Lee Ketchum and Debra A. Ketchum sued several companies

involved in the RV industry on April 30, 2021, alleging breach of warranty, violation of

the Magnuson-Moss Warranty Act, and unfair or deceptive acts and practices. (ECF 1;

15). After several dismissals, the remaining defendants were Meyer's RV Centers, LLC

d/b/a Camping World RV Sales, and Good Sam Enterprises, LLC. (ECF 15, 74).

On February 29, 2024, Defendants moved for summary judgment. (ECF 68). On

March 27, 2024, one day before the response deadline, Plaintiffs filed a motion for a 30-

day extension without providing any justification for the request. (ECF 73). This motion

was denied. (ECF 75). The Court requested a status report from the parties on April 16, 2024. (ECF 76). In the joint status report on April 29, 2024, Plaintiffs indicated that they intended to file a renewed motion for extension or reciprocal motion for summary judgment by May 13, 2024. (ECF 77 at 2). As of May 29th, Plaintiffs had not filed anything. (ECF 78). On that date, this Court granted Defendants' motion for summary judgment on the merits. (ECF 78).

Plaintiffs' counsel has now requested that this Court vacate its ruling for Defendants on Summary Judgment under Federal Rule of Civil Procedure 60(b)(1). (ECF 80). Counsel has also moved to supplement the record and hold a hearing on its motion. (ECF 82; 86).

### ANALYSIS

Rule of Civil Procedure 60(b)(1) provides that a final judgment may be vacated if a party shows "mistake, inadvertence, surprise, or excusable neglect." However, relief under Rule 60(b)(1) "is an extraordinary remedy" and is reserved only for "exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent–A–Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). The moving party must demonstrate "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint." *Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (quoting *Sun v. Bd. of Trs. of Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)). District courts have "considerable latitude" in determining whether this standard has been met. *Id.*

Plaintiffs' counsel Mr. Dombrow argues that his conduct meets this high bar because he has ADHD-related focus issues and has been caring for his elderly mother

since early 2024. (ECF 80-6 at 8). Counsel argues that these conditions qualify his missed filing as "excusable neglect" under Rule 60, because they were outside his control.

First, it is highly questionable whether these issues constitute "good cause" under Rule 60 in any context. The Seventh Circuit has repeatedly held that "neglect due to a busy schedule is not excusable." *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012); *see also Harrington*, 433 F.3d at 548 (7th Cir. 2006) (collecting cases and noting "it is widely accepted that neglect due to a busy schedule is not excusable"). Nor does mental illness generally constitute good cause. *See Morgan v. Chandler*, 367 Fed. App'x. 700, 703 (7th Cir. 2010) (stating that mental illness is not an external factor that can constitute good cause for procedural default).

Even so, perhaps the most problematic element of Plaintiffs' motion is that Counsel did not bring up any of these issues until now, in a motion to vacate. While Counsel's personal challenges may have been outside his control, what was *not* outside his control was how he communicated these difficulties to the Court or how he planned his ongoing representation of Plaintiffs. *See Harrington*, 433 F.3d at 548 (affirming the district court's denial of plaintiff's Rule 60(b)(1) motion because "despite the deaths of his family members, [plaintiff] could have and should have contacted the district court and opposing counsel to explain his circumstances and to work out amicable solutions").

According to Counsel's own account, his difficulties were not sudden events but ongoing matters that impacted his ability to work over the course of several months. (ECF 21–23). Given this, Counsel should have been able to request an extension well

ahead of the deadline. Instead, he filed for an extension the day before a response was due. (ECF 75 at 1–2).

Furthermore, Counsel did not provide *any* details to substantiate the request for an extension. (*Id.*). The Court denied it precisely for that reason. (ECF 75). Counsel also did not follow through on his subsequent statement to the Court that he would file a renewed motion for extension or reciprocal motion for summary judgment by May 13, 2024. (ECF 77 at 2). Thus, Counsel's failure to file was most directly attributable to his repeated failures to properly request relief—not to any external situation. If Counsel's various psychological and temporal limitations affected his abilities as much as he asserts they did, he should have communicated these issues to the Court in a timely manner. *See Harrington*, 433 F.3d at 548.

Finally, it is far from clear that this Court's holding would have changed if Plaintiff had filed a response brief or reciprocal motion for summary judgment. In its order granting summary judgment, the Court did not consider any of Plaintiffs' issues or arguments waived, but rather granted summary judgment based on a thorough analysis of the evidence in the record and the applicable law. (ECF 78). *See Wehrs*, 688 F.3d at 890.

Notwithstanding his personal obligations and challenges, Mr. Dombrow had several appropriate avenues of action available to him. He failed to take any of them. As a result, has not shown this Court that there is good cause for a vacatur of the judgment. *See Harrington*, 433 F.3d at 546.

5

## CONCLUSION

For the foregoing reasons the Court **DENIES** the motion to vacate the judgment. (ECF 80). Plaintiffs' motion for a hearing (ECF 82) and motion to supplement the record (ECF 86) are **DENIED** as **MOOT**.

SO ORDERED on February 23, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT